UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENCARNACION SALAS, IV,

     Petitioner,

 v.

ROB JACKSON,

     Respondent.

CASE NO. 2:23-CV-1278-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: February 2, 2024

   The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Encarnacion Salas, IV, who is proceeding *pro se*, filed his federal habeas petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 4. The Court concludes the Petition is time barred and recommends the Petition be dismissed with prejudice and a certificate of appealability be denied.[1]

---

[1] Petitioner also filed letters disagreeing with the Court's Order substituting Robert Jackson as respondent in this case. Order, Dkt. 5; Letters, Dkts. 9, 11. In both letters, he argues the Attorney General is the proper respondent. Dkts. 9, 11. But the proper respondent for a § 2254 habeas petition is the "person who has custody over [the petitioner]," *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992). As Robert Jackson is the warden of the facility at which Petitioner is housed, he is the proper respondent for Petitioner's claims.

REPORT AND RECOMMENDATION - 1

## I. Background

According to Petitioner, he pleaded guilty to two charges of assault before the Superior Court for Grays Harbor and was sentenced to a term of 12 months of incarceration. Dkt. 4, ¶¶ 1, 3, 5–6. The trial court entered final judgment on March 29, 2022. Dkt. 4, ¶ 2; *State of Washington v. Salas Encarnacion, IV*, Superior Court for Grays Harbor Case No. 1-1-00361-14.[2] To date, Petitioner has not challenged his conviction by filing a direct appeal or seeking collateral review in state court, and he states that the "statute of limitations" prevented him from doing so. Dkt. 4, ¶¶ 8, 10, 11(e), 12(b); *see also State of Washington v. Salas Encarnacion, IV*, Superior Court for Grays Harbor Case No. 1-1-00361-14 (no notice of appeal filed).

On August 18, 2023, Petitioner initiated the above-captioned case by filing his Petition. Dkts. 1, 4. On November 27, 2023, Respondent filed an Answer, arguing, among other things, the Petition should be dismissed with prejudice because it is untimely under the applicable limitations period. Dkt. 10. Petitioner replied, arguing his Petition was timely filed. Dkt. 12.

## II. Discussion

### A. *Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

---

[2] Respondent did not file the state-court judgment with his Answer. *See generally* Rule 5 of the Rules Governing Section 2254 and 2255 Cases. Even so, the Court may take judicial notice of court filings and other matters of public record related to Petitioner's conviction. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)).

If a petitioner fails to seek direct review of his conviction in state court, the state-court judgment becomes final when the time for seeking direct review elapses. *See Gonzalez v. Thaler*, 565 U.S. 134, 149, 181 L.Ed.2d 619 (2012). To seek direct review in Washington state courts, a notice of appeal must be filed with the court of conviction within thirty days after entry of final judgment. Wash. RAP 5.1 and 5.2. *See also* Wash. CR 6 (computation of time in Washington state courts). Thus, if a petitioner does not timely file a notice of appeal, the judgment of conviction becomes final after thirty days, triggering the start of AEDPA's one-year limitations period. 28 U.S.C. § 2244(d)(1)(A).

Once AEDPA's limitations period begins, it is tolled while a "properly filed application for state post-conviction or other collateral review. . . is pending." 28 U.S.C. § 2244(d)(2); *Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005). In other words, the time in which a petitioner properly seeks collateral review of his conviction in state court will not count against him for purposes of filing a timely habeas petition in federal court.

Here, Petitioner did not challenge his conviction by filing a direct appeal. *See* Dkt. 4; *State of Washington v. Salas Encarnacion, IV*, Superior Court for Grays Harbor Case No. 1-1-00361-14. As a result, his conviction and judgment became final on April 28, 2022—thirty days after Grays Harbor Superior Court entered final judgment—and AEDPA's one-year limitations period began to run the following day. *See Patterson v. Stewart,* 251 F.3d 1243, 1245–46 (9th Cir. 2001) (applying Fed. R. Civ. P. 6(a) to calculate time limits under AEDPA).

Looking next to statutory tolling, Petitioner represents that he did not file a state habeas petition or otherwise seek collateral review of his conviction in state court. Dkt. 4, ¶ 10. As a result, he is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2), and, absent equitable tolling, the one-year limitations period for filing a federal habeas petition expired on April 29, 2023.

B.  *Equitable Tolling*

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations and quotations omitted). To receive equitable tolling, a petitioner must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005) (unreported).

Petitioner states only that the "statute of limitations" prevented him from challenging his conviction in state court. Dkt. 4, ¶¶ 11(e), 12(b). He does not identify any extraordinary circumstances that prevented him from filing a federal habeas petition upon expiration of the time for filing direct appeal and seeking collateral review in state court. *Id.* Because Petitioner has not shown he is entitled to equitable tolling, his last day for filing a timely habeas petition was May 1, 2023,[3] and so his Petition filed on August 18, 2023, is time barred.

C.  *Conclusion*

For the above-stated reasons, the Court finds the Petition is time barred and should be dismissed. As the Petition is untimely, the Court declines to consider Respondent's argument that the Petition is also unexhausted. *See* Dkt. 10.

**III.   Evidentiary Hearing**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). But the Court's ability to grant an evidentiary hearing is constrained where, as here, a habeas petitioner has failed to develop the factual basis

---

[3] Because the statute of limitations expired on Saturday, April 29, 2023, Petitioner had until the following Monday, May 1, 2023, to file a timely federal habeas petition.

of his claim in state court. *See* 28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. 420, 432 (2000) (explaining that "failure" to develop the record occurs when "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."). In circumstances such as these, the Court "shall not" hold an evidentiary hearing unless the Petitioner shows:

> (A) the claim relies on--
>   (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner does not satisfy these requirements. Thus, the Court finds that an evidentiary hearing is neither necessary nor permitted by AEDPA.

### IV.     Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability.

## V. Conclusion

Petitioner's § 2254 habeas petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on February 2, 2024, as noted in the caption.

Dated this 16th day of January, 2024.

David W. Christel
United States Magistrate Judge